FILED

Dec 16 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ soniad          DEPUTY

1  Collette Stark (Not an attorney)
2175 Cowley Way
2  San Diego, CA 92110
(619) 347-0726
3

4  Plaintiff In *Pro Per*

5

6

7  **THE UNITED STATES FEDERAL DISTRICT COURT**

8  **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  Collette Stark,                    )  Civil Case No.   '19 CV 2405 JLS  AGS

11              Plaintiff,             )
                                       )  1. NEGLIGENT VIOLATIONS OF
12      vs.                            )     THE TELEPHONE
                                       )     CONSUMER PROTECTION
13  ABC, Inc,                          )     ACT [47 U.S.C §227 (b)]
                                       )  2. WILLFUL VIOLATIONS OF
14  XYZ, LLC,                          )     THE TELEPHONE
                                       )     CONSUMER PROTECTION
15  John Doe,                          )     ACT [47 U.S.C. §227(b)]
                                       )  3. NEGLIGENT VIOLATIONS OF
16              Defendants.            )     THE TELEPHONE
                                       )     CONSUMER PROTECTION
17                                     )     ACT [47 U.S.C. §227 (c)]
                                       )  4. WILLFUL VIOLATIONS OF
18                                     )     THE TELEPHONE
                                       )     CONSUMER PROTECTION
19                                     )     ACT [47 U.S.C. §227(c)]
                                       )  5. VIOLATION OF CALIFORNIA
20                                     )     INVASION OF PRIVACY
                                       )     ACT [PC §632.7]
21                                     )
22                                     )
23                                     )
                                       )  JURY TRIAL REQUESTED
24                                     )
25

PLAINTIFF STARK'S INITIAL COMPLAINT- 1

19cv

Plaintiff Collette Stark ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.      One thing is for certain, this telemarketer is good, very sneaky and smart. The Defendants are being named fictitiously here because their true names are not yet known.  Plaintiff has tried very hard to find them.  The Court's assistance, via subpoena power, will be requested to help facilitate the proper naming and serving Defendants with an amended summons.

2.      Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of XYZ, LLC, an unknown limited liability company  ("XYZ, LLC"), John Doe, an unknown individual ("Doe"), ABC, Inc,  an unknown corporation ("ABC, Inc"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Further, Defendants violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing call it made to Plaintiff without disclosing that such call was being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.

3.      Defendant John Doe is the sole owner of XYZ, LLC.

4.      Defendant Doe controls XYZ, LLC and is the sole officer, manager and

19cv

member.

5.    XYZ, LLC is the alter ego of Defendant Doe.

6.    Doe has failed to obey corporate formalities of operation for XYZ, LLC.

7.    Doe knows that XYZ, LLC and ABC, Inc are engaging in illegal telemarketing and illegal recording because Doe has ordered them to conduct said criminal acts.

8.    The Defendants use the following web pages to run their telemarketing scam:  http://locationenterprises.com/   www.vipguest.vegas www.lasvegastravelauthority.com

9.    The Defendants also used the following phone numbers to run their scam: 702-472-4389 and 888-737-7769.  The web pages and the domains are masked.

10.   The Defendants charged Plaintiff's credit card under the name Location Enterprises Travel, LLC.  After conducting a diligent search, said LLC does not exist in any state in the United States.

11.   A male voice left a voicemail on Plaintiff's phone, on December 13, 2019, threatening to post derogatory information on the internet about Plaintiff if Plaintiff filed this lawsuit against Defendants.  This was a direct, explicit and knowing violation of California Penal Code §519 extortion.

12.   Defendants also used

19cv

https://app.pandadoc.com/document/a61a6170c61aafc40ca12329551603d6 cb30ae4b#/document/v1/editor//actions to send a "docusign" type of form.

13.     On December 6, 2019, Defendants illegally called Plaintiff DNC registered cellular telephone in violation of the TCPA to solicit Plaintiff for their bogus vacation packages to Las Vegas, Nevada.

14.     Two calls on December 6, 2019, came from 775-455-8216, one at 4:21 PM and the other at 4:30PM.  This number is "not in service."  It appears that Defendants illegally spoofed their caller ID.

15.     Defendants called several more times on December 13, 2019 when Plaintiff tried to cancel.

## II. JURISDICTION & VENUE

16.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

17.     The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims.  At present, the state law claims are grounded in CIPA violations.

18.     This Court also has federal-question subject matter jurisdiction over the

19cv

Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

19.     This Court has personal jurisdiction over XYZ, LLC and ABC, Inc as well as John Doe because a substantial part of the wrongful acts alleged in this Complaint were committed in California.  For example, XYZ, LLC, through its subsidiary ABC, Inc, made illegal telemarketing robocalls to Ms. Stark, with area code 619, while she was in California.   XYZ, LLC, ABC, Inc and Doe have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.

20.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

21.     Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

### III. PARTIES

22.     Plaintiff, Collette Stark. ("Plaintiff"), is an individual and resident in California.

23.     Defendant XYZ, LLC is a travel vacation package company, and is a "person" as defined by 47 U.S.C. § 153 (39).

24.     Defendant ABC, Inc is a travel vacation package company, and is a "person"

19cv

as defined by 47 U.S.C. § 153 (39).

25.    Defendant John Doe is an individual, and is a "person" as defined by 47 U.S.C. § 153 (39).

26.    The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  Each has blurred the lines of owner and legal separateness to be now considered as one unit.  Further, these said above named defendants, and each of them, have conspired and planned with each other to violate the TCPA and CIPA.  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

27.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Each

Defendant controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that each Defendant required its agent to record each telemarketing call, including the calls listed below that were made to Plaintiff.

## VI.  FACTUAL ALLEGATIONS

28.     On or about December 6, 7 and 13, 2019, Defendant ABC, Inc and Defendant XYZ, LLC contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -0726, in an attempt to solicit Plaintiff to purchase Defendant's services. Donna was the name the person on the phone gave as her personal name. Defendant used a pre-recorded message at the beginning of the call which directly violated Civil Code §1770(a)(22)(A).  Plaintiff gives notice of and reserves the right to amend this complaint as soon as discovery proves that Defendant has also violated Civil Code §1770(a)(22)(A).

29.     Defendant XYZ, LLC, is a regular limited liability company formed in one of the fifty states in the United States.

30.     Defendant XYZ, LLC used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff merchant cash advance loans.

31.     Each named Defendant is being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5) and PC §§632.7 and 637.2.

32.     Federal Rule of Civil Procedure 8(b)(2) requires a denial in the Answer to this Complaint to be fairly responded to and not merely a blanket denial without

19cv

explanation.

33.     Defendant owns and uses www.locationenterprises.com which can be viewed in California.

34.     John Doe is an officer of Defendant XYZ, LLC and ABC, Inc.

35.     John Doe is an owner of Defendant XYZ, LLC and ABC, Inc.

36.     None of the Defendants has a California vacation travel sellers license.

37.     Defendant has failed to obtain a bond as required of all travel sales organizations in California.

38.     XYZ, LLC has never filed a California state tax return.

39.     XYZ, LLC has been sued for TCPA violations in the past.

40.     XYZ, LLC is illegally doing business in California.

41.     XYZ, LLC has failed to register as a telemarketer in California with the California Department of Justice.

42.     Defendant ABC, Inc has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

43.     XYZ, LLC exerts control over their third party telemarketing lead source.

44.     XYZ, LLC began harassing Plaintiff on or about December 6, 2019 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again.

45.     Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of

19cv

the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

46.    Defendant XYZ, LLC also called Plaintiff from a blocked number on December 7, 2019 at or around 1:0 PM.  Plaintiff did not consent to, nor give permission for, the subsequent call made by Defendants to Plaintiff.

47.    Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).  The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant XYZ, LLC

48.    Further, consent must be in writing and signed by the person called. Plaintiff did not sign any consent to be called.

49.    The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

50.    Judge Kenney was referring to the TCPA when he made this above statement on the record.

51.    Defendant directly called Plaintiff on her DNC registered cell phone in violation of the TCPA.

52.     Defendants and their agents made the following illegal calls to Plaintiff on her cell phone ending in -0726:

53.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant XYZ, LLC.

54.     XYZ, LLC, ABC, Inc and Doe have been illegally calling Ms. Stark, without her consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Ms. Stark brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage XYZ, LLC, to change their ways.  To be clear, Plaintiff is suing XYZ, LLC, ABC, Inc and Doe for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed called to Plaintiff cell phone.

55.     Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff  seeking to solicit its services.

56.     Defendants contacted or attempted to contact Plaintiff from telephone numbers 201-654-4323 confirmed to be Defendant's number.

57.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

58.     During all relevant times, Defendants did not possess Plaintiff's "prior

19cv

express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

59.    Further, Plaintiff's cellular telephone number ending in -0726 was added to the National Do-Not-Call Registry on or about February 13, 2007.

60.    Defendants placed multiple calls soliciting its business to Plaintiff on its cellular telephones ending in -0726 in or around November 2019 and continuing through November 29, 2019.

61.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

62.    Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

63.    Defendants continued to call Plaintiff on its telephone number -0726 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

64.    Upon information and belief, and based on Plaintiff's experiences of being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendants failed to

19cv

establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c)(5).

65.     Plaintiff was harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff via her telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

66.     Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

67.     Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

68.     Donna, on behalf of ABC, Inc and XYZ, LLC, admitted on the last call that all calls that she made to Stark were recorded and that she could send Stark a copy of those recorded calls, none of which had any disclosure or warning of the fact of recording.

69.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

70.    The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

71.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

## V. STANDING

72.    The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, her complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

73.    Standing is proper under Article III of the Constitution of the United States

19cv

of America because Plaintiff's claims state:

74.    A valid injury in fact;

75.    which is traceable to the conduct of Defendants;

76.    and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

77.    Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on her cellular phone at least seventeen times by Defendants.  In fact, Plaintiff expressly informed Defendants to cease and desist from all future telemarketing on the very first call.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the

seriously harassing and annoying calls by XYZ, LLC   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendants and Plaintiff's attempt to avoid the damage by registering her number on the DNC Registry.

### The "Traceable to the Conduct of Defendant" Prong

78.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendants directly, or by Defendant's agent at the express direction and control of Defendants.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

79.    The third prong to establish standing at the pleadings phase requires Plaintiff

to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

80.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an

intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

81.     Here, Plaintiff alleges that Defendant XYZ, LLC and Defendant ABC, Inc contacted her using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are solicitation advertisements: they advertise Defendant XYZ, LLC's services for which Plaintiff has absolutely no use or interest. Third, Plaintiff declares that she has never heard of Defendant XYZ, LLC, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided her cellular telephone number to

19cv

said Defendant or consented to receive calls from Defendant. Plaintiff also has had no prior business relationship with Defendant. Plaintiff had no reason to be in contact with Defendant XYZ, LLC nor has she ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages illegally and in direct violation of the TCPA.

82.     In Plaintiff's case, the allegations establish that she did not give prior express consent. She declared that she was "the regular user and subscriber to the cellular telephone number at issue." She also declared that she has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

83.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-82.

84.     The foregoing acts and omissions of Defendants constitute numerous and

19cv

multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

85.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

86.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

87.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-82.

88.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

89.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §

227(b) )(3)(C).

90.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

91.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-82.

92.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

93.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

94.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

95.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-82.

96.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

97.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and  every violation, pursuant to 47 U.S.C. §227(c)(5).

98.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

99.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-82.

100.    The foregoing acts and omission of Defendants constitute numerous and multiple knowing and/or willful violations of CPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

101.    As a result of Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants owe Plaintiff $5,000 per call.

PLAINTIFF STARK'S INITIAL COMPLAINT- 21

102.   Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit Defendants from illegally recording calls to Plaintiff ever again.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, joint and severally, for the following:

### FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of 47 U.S.C.

19cv

§227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act
### PC §632.7 and PC §637.2

- $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the call.

- Defendant's willful, knowing and intentional recording of Plaintiff on Plaintiff's cellular phone using the wires of the United States devoid of consent and disclosure.

- For Defendant's violation of California Penal Code §632, et seq.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 13th day of December, 2019.

/S/ Collette Stark
Collette Stark, Plaintiff

19cv