UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette STARK,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ABC, Inc., XYZ, LLC, John Doe,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19-cv-2405-JLS-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRE-DISCOVERY SUBPOENAS (ECF No. 8)** |

　　　　Plaintiff, Collette Stark, claims that unknown defendants violated the Telephone Consumer Protection Act by calling her cell phone. Stark provides some information about the unknown defendants, including phone numbers and websites. Stark moves for leave to serve pre-discovery subpoenas on various entities to identify the defendants. She previously made a similar motion, which this Court denied. (ECF No. 3; ECF No. 4.)

　　　　A plaintiff must show "good cause" to justify an early subpoena to identify a defendant. *See Malibu Media, LLC v. Doe*, No. 16cv444 GPC (BGS), 2016 WL 1618227, at *2 (S.D. Cal. Apr. 22, 2016). This Court applies a four-part test to determine good cause:

> [F]irst, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that the requested discovery will lead to identifying information about the defendant that would make service of process possible.

1

*Id.*

Stark has sufficiently identified defendants to suggest that a real person or entity exists. Her web and entity searches also indicate a good-faith effort to identify those defendants with the limited information she had. Further, her complaint could withstand a motion to dismiss because it appears to facially state a claim for a Telephone Consumer Protection Act violation.

But Stark's present motion suffers the same flaw as her previous motion. (*See* ECF No. 3; ECF No. 4, at 2.) She identifies T-Mobile as the defendants' telephone provider and GoDaddy as the domain host of defendants' websites who "is being paid to mask the ownership of defendant[s']" domains. (ECF No. 8, at 3.) Yet she offers no sworn statements or other explanation of these assertions. Thus, there is no indication that the requested subpoenas on T-Mobile and GoDaddy will help identify defendants.

Stark also seeks to subpoena her telephone provider, AT&T. AT&T informed Stark that "a subpoena is necessary to release ownership information" of phone numbers. (ECF No. 8, at 3.) Although AT&T might have information revealing defendants' identities, she does not specify what discovery items she seeks that would identify defendants. *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999) (a plaintiff must provide "a statement of reasons justifying the *specific discovery requested*" to show good cause (emphasis added)).

Because Stark does not show how her broad discovery request will lead to information identifying defendants, she fails to show good cause to justify early discovery. Therefore, her motion is **DENIED**.

Dated:  April 22, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge